**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1239

CONVENIENCE RETAILING, LLC,

Plaintiff - Appellant,

versus

SUNOCO, INCORPORATED (R&M),

Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge. (1:05-cv-01565-WDQ)

Argued:  November 29, 2006        Decided:  December 21, 2006

Before MICHAEL and SHEDD, Circuit Judges, and David A. FABER, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.

Reversed by unpublished per curiam opinion.

**ARGUED:** Harry Carl Storm, LERCH, EARLY & BREWER, CHARTERED, Bethesda, Maryland, for Appellant.  Arthur Christopher Young, PEPPER & HAMILTON, L.L.P., Philadelphia, Pennsylvania, for Appellee.  **ON BRIEF:** Susan Berry Bloomfield, William A. Goldberg, LERCH, EARLY & BREWER, CHARTERED, Bethesda, Maryland, for Appellant.  Matthew D. Janssen, PEPPER & HAMILTON, L.L.P., Philadelphia, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Convenience Retailing, LLC ("Convenience"), an operator of retail motor fuel stations, brought this declaratory judgment action against Sunoco, Inc., seeking rescission of the Branded Reseller Agreement ("Agreement") which governs its purchase of fuel from Sunoco. Convenience contends that it is entitled to rescission based on a material breach of the Agreement by Sunoco. The district court granted Sunoco's Rule 12(b)(6) motion to dismiss, holding that Convenience failed to plead facts which constitute a material breach, and Convenience now appeals. Because we find that Convenience adequately stated a claim for material breach, we reverse.

I

Convenience operates retail motor fuel stations in Maryland and Virginia, including the Mobil branded stations in Columbia, Maryland ("Columbia Mobil") and Ellicott City, Maryland ("Dorsey Hall Mobil").[1] Convenience operates Columbia Mobil pursuant to the Agreement, which it originally executed with Tosco Operating Company, Inc. ("Tosco") and to which Sunoco became party as a

---

[1]Because the district court dismissed this case at the 12(b)(6) stage, we must view the facts -- and we recite them here -- in a light most favorable to Convenience (the non-moving party). Venkatraman v. REI Sys., Inc., 417 F.3d 418, 420 (4th Cir. 2005).

2

successor to Tosco. Convenience operates Dorsey Hall Mobil pursuant to a similar agreement.

As pertinent to this appeal, the Agreement provides that Sunoco will pay Convenience a facilities allowance of four cents per gallon of motor fuel which it sells to Convenience. The facilities allowance is a "significant term" of the Agreement, designed to provide compensation to Convenience for various costs associated with the ownership and operation of Columbia Mobil. The Agreement further provides for an open price term regarding the fuel sold by Sunoco to Convenience. However, a course of dealing and course of performance was established under the Agreement that the prices charged to it for motor fuel at Columbia Mobil would be the same as the prices charged to other Mobil stations in the area, including Dorsey Hall Mobil. In addition, the Agreement requires Sunoco to take steps to support the Mobil brand. Finally, the Agreement prohibited Sunoco from assuming the Agreement from Tosco without Convenience's prior written consent.

Convenience contends that Sunoco breached the Agreement by repeatedly: (1) charging Convenience higher prices than those charged to other dealers in Columbia, Maryland, in violation of the established course of dealing and course of performance; (2) overcharging Convenience for motor fuel, thus rendering illusory the facilities allowance required by the Agreement; (3) failing to pay the facilities allowance on diesel fuel; (4) failing to support

3

the Mobil brand by eliminating Mobil brand educational programs and expressing its intention not to extend Mobil trademark licensing in 2007; and (5) assuming the Agreement from Tosco without first receiving Convenience's written consent. Convenience further asserts that it provided Sunoco with timely written notice of its claims and of Sunoco's breaches and that it demanded that Sunoco comply with its obligations under the Agreement. After Sunoco refused, Convenience brought this declaratory judgment action, seeking termination of the Agreement and contending that Sunoco's breaches constitute -- both individually and in the aggregate -- material breach of contract.

The district court granted Sunoco's motion to dismiss, holding that Convenience failed as a matter of law to allege material breach. Convenience subsequently moved to amend its complaint to allege a claim for damages for Sunoco's breaches. The district court denied this motion as moot, and Convenience now appeals both the dismissal of the complaint and the denial of its motion to amend.

## II

We review <u>de novo</u> the dismissal of a complaint for failure to state a claim under Rule 12(b)(6). <u>Hinkleman v. Shell Oil Co.</u>, 962 F.2d 372, 378 (4th Cir. 1992). In so doing, we must accept the factual allegations of the complaint as true, and we must affirm

4

the dismissal only if the plaintiff fails to prove any set of facts upon which relief can be granted.  Id.

Under Maryland law, a material breach of contract occurs when "the act failed to be performed [goes] to the root of the contract or . . . [is] in respect to matters which would render the performance of the contract a thing different in substance from that which was contracted for."  Traylor v. Grafton, 332 A.2d 651, 674 (Md. 1975).  Importantly, despite Sunoco's view to the contrary, Maryland law does not equate a material breach of contract with a total failure to perform contractual obligations. The Maryland Court of Appeals has expressly noted that a partial failure to perform can constitute a material breach (thus granting the right to rescission) when the breach goes to the root of the contract.  Id.  It is only when "a covenant goes only to part of a contract, is incidental and subordinate to its main purpose and its breach may be compensated in damages" that a breach "does not warrant rescission of the contract but compensation in damages[.]" Id. (emphasis added).

We hold that Convenience's allegations suffice to state a claim for material breach of contract under Maryland law.  The Agreement provides that its purpose is, inter alia, for Convenience to purchase products from Sunoco for resale and to operate a retail motor fuel business.  Convenience alleges that Sunoco has refused to pay the facilities allowance on diesel fuel and has rendered

5

illusory the allowance by raising the initial price charged for fuel in violation of the established course of dealing and course of performance.  This allegation directly implicates the purpose of the contract: i.e., the purchase of motor fuel by Convenience from Sunoco.  Accordingly, the allegation goes to the root of the contract and is not "incidental or subordinate to its main purpose."  Traylor, 332 A.2d at 674.  Sunoco's alleged failure to perform thus renders Convenience's position under the contract different from that which was contracted for.[2]

## III

Convenience has adequately alleged a claim for material breach of contract for which it is entitled to seek rescission of the Agreement, and the district court erred in dismissing this action under Rule 12(b)(6).  Therefore, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.[3]

REVERSED

---

[2]Because we find Convenience's allegation that Sunoco failed to pay the facilities allowance states a claim for material breach, we reverse the dismissal of this one-count declaratory judgment action without considering Convenience's remaining claims of material breach.

[3]In light of our disposition of this appeal, we vacate the denial of Convenience's motion for leave to amend its complaint.

6